UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| NORMAN MEDLEY, | ) |
| Movant, | ) |
| vs. | ) No. 1:09CV15 HEA |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motion under 28 U.S.C. § 2255 by a Person in Federal Custody, [Doc. No. 1]. Pursuant to this Court's Order, the government has responded to the motion to vacate. Respondent has also filed a Motion to Dismiss Grounds Two, Three and Four of Movant's Motion [Doc. No. 5]. For the reasons set forth below, the Motion under § 2255 is denied without a hearing. The Motion to Dismiss Grounds Two, Three and Four is granted.

### Movant's Claims

Movant makes the following claims:

**Ground One**: Prosecutorial misconduct

**Grounds Two, Three and Four**: Ineffective assistance of counsel

### Facts and Background

Movant was indicted and charged with one count of possessing six rounds of Winchester ammunition that had affected interstate commerce, after he had been convicted of felonies, in violation of 18 U.S.C. § 922(g)(1) and 924(e) on December 13, 2005.  On April 19, 2007, a Superseding Indictment was returned against Movant.  Count I of that Indictment was the same charge as in the original Indictment.  Count II charged that Movant was a felon in possession of a firearm that affected interstate commerce.  On October 9, 2007, Movant appeared in Court with his counsel for trial.  A jury pool was seated and voir dire was conducted.  A final jury panel was selected, but not sworn. Movant advised the Court of his intention to plead guilty to Count II of the Superseding Indictment, in exchange for the Government's dismissal of Count I at sentencing.  The parties entered into a written plea agreement which provided that, in exchange for Movant's plea of guilty, the Government agreed to dismiss Count I at sentencing.  The Plea Agreement further detailed Movant's agreement to cooperate with the Government regarding its on going investigation.  Specifically, the Plea Agreement provided:

> In particular, *if the defendant provides information leading to the recovery of the firearm listed in Count II of the Indictment* AND *leads to the federal prosecution of the person in current possession of that firearm*, then the government will consider that the Defendant has cooperated.  The defendant *fully understands that the government alone will determine what constitutes substantial assistance and the government alone will determine whether to file a motion for a*

> *downward departure.* (Italicized emphasis added).

Movant also specially agreed that he was fully satisfied with the representation he received from defense counsel. He also agreed that defense counsel had completely and satisfactorily explored all areas which Movant had requested relative to the Government's case and any defenses.

Movant appeared in open court on October 9, 2007, at which time he formally entered his plea of guilty to Count II. The Court reviewed the terms of the plea agreement and questioned Movant as to his understanding thereof. The Court questioned Movant as to counsel's representation. Movant admitted in open court that he was fully satisfied with counsel's representation, that he understood the terms of the plea agreement, that counsel had performed all tasks and investigation requested of him, that he was entering into the plea agreement of his own free will and that it was what he wanted to do. At no time did Movant voice any dissatisfaction of any kind with defense counsel, nor did he raise any questions with respect to any of the terms of the plea agreement.

Movant agreed that he would not file any post conviction motions, except for claims of prosecutorial misconduct or ineffective assistance of counsel at the time of sentencing.

## Standards for Relief Under 28 U.S.C. 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims brought under § 2255 may also be limited by procedural default. A Movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255). Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. Since the Court finds that Movant's remaining claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## Discussion

### Waiver § 2255 Rights

Plea bargaining does not violate the Constitution, even though a guilty plea waives important constitutional rights. *Newton v. Rumery,* 480 U.S. 386, 393, (1987). It is well-settled that a defendant may affirmatively waive particular constitutional rights. *See Boykin v. Alabama,* 395 U.S. 238, 243 (1969) (right to a jury trial, to confront and cross-examine witnesses, and to the Fifth Amendment

privilege against self-incrimination); *Faretta v. California,* 422 U.S. 806 (1975) (right to counsel). Movant waived his rights to appeal certain issues by reason of his guilty plea. By pleading guilty, Movant waived all non-jurisdictional issues. *United States v. Limley*, 510 F.3d 825, 827 (8th Cir. 2007).

When a defendant waives his appeal and post conviction relief rights in a plea agreement, the waiver will be enforced if it was knowingly and voluntarily made. *DeRoo v. United States,* 223 F.3d 919, 923 (8th Cir.2000) (citing *United States v. Goings,* 200 F.3d 539, 543 (8th Cir.2000)). Plea agreements that include appeal waivers are enforceable. *See United States v. Clayborn*, 249 F.App'x. 495 (8th Cir. 2007).

Movant entered his guilty plea pursuant to a plea agreement in which he waived his right to bring a 28 U.S.C. § 2255 challenge on any ground other than prosecutorial misconduct or ineffective assistance of counsel at sentencing. The Court will enforce the waiver here. The record reflects that Movant understood and voluntarily accepted the terms of the plea agreement, including the waiver of his rights under Section 2255; this motion falls within the scope of the waiver; and no injustice would result. *United States v. Mendoza,* 341 F.3d 687, 695 (8th Cir. 2003).

Initially, Movant argues that his lawyer "made" him plead guilty and that the

failure of counsel to file certain motions Movant thought should be filed renders his waiver of his rights to bring his post conviction motion essentially not knowing and voluntary. This claim is without merit. Not only did this Court question Movant as to his intent, the Court also ascertained that Movant understood, and could read and write the English language. The explanation of the possible conditions was fully set out in the plea agreement, and, in spite of Movant's claimed lack of understanding of his post conviction remedies waiver, he was fully apprised of the terms of the agreement. At no time did he question any of the conditions during the Court's questioning. The Court therefore concludes that Movant's waiver was valid and is enforceable. As such, grounds Two, Three and Four have been waived. Even absent the waiver, these grounds would not provide a basis upon which Movant could obtain relief.

### Standard for Ineffective Assistance of Counsel

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of

counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance

from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

Where a defendant raises multiple claims of ineffective assistance, each claim of ineffective assistance must be examined independently rather than collectively. *Hall v. Luebbers,*296 F.3d 385, 692-693 (8th Cir.2002); *Griffin v. Delo,* 33 F.3d

895, 903-904 (8th Cir.1994).

Movant argues that counsel did not file motions he thought necessary, was not in contact with him as frequently as Movant feels he should have been and did not advise him of the timing of filing Motions. It is well established that entry of an unconditional guilty plea waives all challenges to the prosecution of a criminal case, except for those related to jurisdiction. See *Smith v. United States*, 876 F.2d 655, 657 (8th Cir.), cert. denied, 493 U.S. 869 (1989). Once a defendant enters a guilty plea, collateral attack under § 2255 is limited to the nature of counsel's advice and the voluntariness of the plea. *Bass v. United States*, 739 F.2d 405, 406 (8th Cir.1984) (citing *Tollett v. Henderson*, 411 U.S. 258, 266 (1973)). Collateral review of a guilty plea is therefore "ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989). Movant advised the Court that he understood the plea agreement and that he entered it of his own free will. He advised the Court that counsel had performed to his satisfaction. Given that Movant advised the Court of his complete satisfaction with counsel, he cannot now claim that counsel's pretrial work was ineffective.

With respect to Movant's claim that counsel failed to properly advise him of the time limits for filing his Section 2255, Movant fails to establish the prejudice prong of the *Strickland* standard. Movant's Motion was accepted by the Court and

the Government has not challenged it on the grounds of timeliness.

Movant's claim that the prosecutor is guilty of misconduct fails. Movant argues that the Assistant United States Attorney made a representation that the Government would file a motion for a downward departure. The record clearly negates this argument. In the Plea Agreement, the parties agreed that in order for the Government to consider Movant as having provided substantial assistance, two conditions precedent must be met: Movant was required to provide information leading to the recovery of the firearm and that information must lead to the federal prosecution of the person in possession of the firearm. Neither condition has been met, therefore the Government's obligation to consider whether Movant should be entitled to a reduction in his sentence has not been triggered. Movant's reading of the Plea Agreement is completely distorted in this regard. The Government clearly has done nothing which would constitute a violation of the Plea Agreement or misconduct. Movant's bald, unsupported protestations to the contrary that the Government is not actively investigating the location of the firearm fail to establish prosecutorial misconduct.

## **Conclusion**

Movant waived his right to challenge any claims of ineffective assistance of counsel, except with regard to sentencing in the Plea Agreement. Moreover, upon

the entry of his guilty plea, which was entered into knowingly and voluntarily, Movant waived any claims of ineffective assistance of counsel which allegedly occurred prior to the entry of the guilty plea. Movant fails to establish any prejudice from any advice he received regarding the timing of the filing of this Motion.

There has been no prosecutorial misconduct because neither of the conditions precedent to any government action with respect to a reduction of Movant's sentence has occurred.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. 1], is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Dismiss Grounds Two, Three and Four of Movant's Motion to Vacate, Set Aside or Correct Sentence, [Doc. No. 5], is **GRANTED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 16th day of April, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE